BOEHM, Justice,
dissenting.
I respectfully dissent. Although I believe the majority adopts the correct legal standard, I disagree with the majority's view of the facts reasonably inferrable from the designated evidence. Specifically, I agree with the majority that Indiana law confers a broader qualified privilege than some jurisdictions, and requires more than reckless disregard of the truth to support a claim of defamation or false imprisonment based on an inaccurate report to a law enforeement agency of potentially criminal activity. Moreover, for the reasons the majority gives, I agree that it is appropriate to protect citizens from the expense and risks of litigation based on an incorrect report, even if the citizen should have known of the falsity of the report. But here, I believe the facts in the aggregate support the conclusion that Mr. Tharp first recklessly or knowingly made false statements to a private citizen and then knowingly repeated false allegations to law enforcement officers. The statements to the passerby were not subject to any privilege, and their later repetition to the police was privileged only if the statements were not made with knowledge that they were false. Without a qualified privilege, summary judgment as to the claims for defamation and false imprisonment was wrongly granted, and I believe the designated evidence precludes summary judgment on those issues.
The majority separately examines each fact the plaintiffs advance and concludes that none of them is sufficient to overcome the privilege. I believe the majority overlooks some salient facts and the reasonable inferences from the aggregation of these facts. It is not insignificant that Tharp exited the store and told a passerby that one of the plaintiffs had "pulled out a gun," then returned to the store and repeated his claim to a fellow employee, but made no effort to contact the police. The passerby, having no reason to question Tharp's claim, called the police. When an officer arrived in response to the passerby's report, the passerby was still present. If the statements to the passerby were not true, Tharp either had to retract his story or repeat it to the officer. Tharp then misrepresented his name and repeated his allegations to the officer. While the officer was in the store interviewing other employees, only to find that none of them had perceived any problem, Tharp fled.
As the majority observes, it is a jury question whether the privilege has been abused where more than one inference can be drawn from the evidence. Kelley v. Tanoos, 865 N.E.2d 593, 601 (2007). Al though Tharp's conduct allows an inference that Tharp was merely mistaken, it supports the inference that Tharp knowingly repeated false accusations. We frequently note that flight is admissible evidence of guilt in a criminal case. Dill v. State, 741 N.E.2d 1230, 1232 (Ind.2001). Tharp had already offered inconsistent descriptions of the alleged gun. Tharp now explains he fled because he had outstanding warrants, but his explanation does not preclude an inference that he was concerned his statements might be exposed by further questioning.
In Holcomb v. Walter's Dimmick Petroleum, Inc., we held that the fact that the report of a store clerk turned out to be *772 false was not sufficient to overcome the privilege. 858 N.E.2d 108, 108 (Ind.2006). The plaintiffs here point to much more than the simple fact that the plaintiffs were found with no weapon, and support their claim that Tharp knowingly lied with an array of other evidence. They point to Tharp's flight as a tacit recognition of his misstatements, and add to it Tharp's inconsistent descriptions of the alleged gun, his inability to see a gun from where he was standing, his misrepresentation of his identity, and the lack of corroboration for his story. Although any one of these facts in isolation may be insufficient to establish that Tharp knowingly made false allegations, I think it is a fair inference from these facts, taken in the aggregate, that Tharp first recklessly or knowingly defamed the plaintiff by his statement to the passerby that the plaintiffs had taken a step towards an armed robbery, then compounded the problem by repeating the charge to the officer with knowledge that it was false. I reach this conclusion on the basis of the evidence before the trial court, and not on the basis of the plaintiffs' motion after oral argument in this court discussed in footnote 7 of the majority opinion.
I agree with the Court of Appeals that summary judgment in favor of the defendants should be reversed, and this case should be remanded for trial.